WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
Attorneys for Greenwich Insurance Company
(KG-5161)

**UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>METRO AFFILIATES, INC., <u>et al</u>.,<br><br>Debtors. | Honorable Prudence Carter Beatty<br><br>Bankruptcy Case No. 02-42560 (PCB)<br><br>Chapter 11<br><br>(Jointly Administered) |
| GREENWICH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GREENWICH STREET CAPITAL PARTNERS II, L.P.,<br><br>Defendant. | Adv. Proc. No. 03-06364 (PCB) |

**DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL**

Greenwich Insurance Company, by its attorneys, designates the following items to be included in the record on appeal to the United States District Court for the Southern District of New York from the Bankruptcy Court's Order dated March 12, 2008 (i) Granting Greenwich Street Capital Partners II, L.P.'s Motion For Summary Judgment; (ii) Denying Greenwich Insurance Company's Cross-Motion For Summary Judgment; and (iii) Dismissing Adversary

Proceeding With Prejudice" (the "**Order**"), and sets forth its statement of issues, as follows: (The items listed separately below comprise those items reflected in the docket of the Bankruptcy Court as documents numbered 1, 6, 10, 11, 12, 13, 14, 15, 17 and 18):

## DESIGNATION OF RECORD

Pursuant to Fed. R. Bankr. P. 8006, Greenwich Insurance Company hereby designates the following items to be included in the record on appeal:

1. Complaint, including Exhibits A through G, filed by Greenwich Insurance Company ("Greenwich") on July 24, 2003. **(Document No. 1)**

2. Answer by Greenwich Street Capital Partners II, L.P. ("GSCP"), filed on October 10, 2003. **(Document No. 6)**

3. GSCP's Motion For Summary Judgment Pursuant to Section 365(c)(2) of the United States Bankruptcy Code, including GSCP's Notice of Motion, GSCP's Statement of Material Facts As To Which There is No Genuine Issue To Be Tried, and Affidavit of Charles I. Poret, including Exhibits A through U, filed on September 15, 2004. **(Document No. 10)**

4. Greenwich's Response In Opposition To GSCP's Motion for Summary Judgment and Greenwich's Cross-Motion for Summary Judgment Pursuant to Rule 56 of The Federal Rules of Civil Procedure, Greenwich's Notice of Cross-Motion for Summary Judgment, Affidavit of Kenneth N. Laptook, including Exhibits A through R, Greenwich's Objections and Responses to GSCP's Statement of Material Facts as to Which There is No Genuine Issue to Be Tried, and Greenwich's Statement of Material Facts as to Which There is No Genuine Issue to be Tried, filed on September 30, 2004. **(Document No. 11)**.

5. GSCP's Reply in Further Support of Its Motion for Summary Judgment and in Opposition to Plaintiff's Cross-Motion for Summary Judgment, Supplemental Affidavit of

Charles I. Poret, including Exhibits 1-8, and GSCP's Objections and Responses to Greenwich's Statement of Material Facts as to Which There is No Genuine Issue to be Tried, filed on October 18, 2004.  **(Document No. 12)**

6.      Greenwich's Reply in Further Support of its Cross-Motion for Summary Judgment and in Opposition to GSCP's Motion for Summary Judgment, filed on October 29, 2004.  **(Document No. 13)**

7.      Joint Statement of Material Facts as to Which There Is No Genuine Issue to Be Tried and Legal Issues to Be Decided, filed on December 10, 2004.  **(Document No. 14)**

8.      Transcript of hearing on GSCP's Motion and Greenwich's Cross-motion for Summary Judgment, dated December 15, 2004 (a copy of which, upon information and belief, is in the possession of GSCP's counsel).

9.      Memorandum Decision of the Hon. Prudence Carter Beatty, U.S.B.J., filed on March 6, 2008.  **(Document No. 15)**

10.     Order, filed on March 12, 2008.  **(Document No. 17)**

11.     Notice of Appeal, filed on March 20, 2008.  (**Document No. 18**)

## STATEMENT OF ISSUES ON APPEAL

Pursuant to Fed. R. Bankr. P. 8006, Greenwich hereby states the following issues are to be presented on appeal:

1.      Whether the Bankruptcy Court erred by granting GSCP's motion for summary judgment and dismissing the adversary proceeding with prejudice.

2.      Whether the Bankruptcy Court erred by denying Greenwich's motion for summary judgment.

3. Whether the Bankruptcy Court erred in concluding that Bankruptcy Code § 365 is applicable to this transaction and bars Greenwich's claims.

4. Whether the Bankruptcy Court erred by finding that the agreement created by the letter or letters (a) from GSCP to Atlantic Express Transportation Group, Inc., dated July 19, 2001 ("July 19th Letter"), and (b) from Atlantic Express Transportation Group, Inc. to Greenwich, dated July 20, 2001 ("July 20th Letter"), was executory as of the Petition Date.

5. Whether the Bankruptcy Court erred in not treating the July 19th Letter and the July 20th Letter separately for purposes of applying Bankruptcy Code § 365.

6. Whether the Bankruptcy Court erred in finding that the July 19th Letter was not a promise to provide the funds to pay the debt obligation of Atlantic Express to Greenwich.

7. Whether the Bankruptcy Court erred in concluding that the obligations at issue set forth in and arising from the July 19th Letter and July 20th Letter were not pre-petition obligations.

8. Whether the Bankruptcy Court erred in finding that Greenwich's rights are wholly "derivatory" of Atlantic Express's rights, that Greenwich had no independent rights against GSCP, and that Greenwich's claims are therefore barred.

9. Whether the Bankruptcy Court erred in ignoring the fact that Atlantic Express had a contractual obligation to Greenwich to give Greenwich prompt notice of any fact which might give rise to a claim on its bond.

10. Whether the Bankruptcy Court erred by failing to apply the equitable principle that equity regards as done that which ought to have been done.

11. Whether the Bankruptcy Court erred in concluding that GSCP had made no promise to Greenwich when GSCP had made such an (oral) promise and when the July 19th

4

Letter and the July 20th Letters unconditionally promise to place Atlantic Express Transportation Group, Inc. in funds for the purpose of paying Greenwich.

12. Whether the Bankruptcy Court erred in finding that Greenwich could not recover on its unjust enrichment claim.

13. Whether the Bankruptcy Court erred when it determined that (a) there was no express contract between Greenwich and GSCP, (b) that the July 19th Letter and the July 20th Letter constituted an express agreement between GSCP and Atlantic Express which superceded the oral promise made by GSCP to Greenwich, (c) GSCP did not act in such a way as to incur obligations outside the written contract, and that (c) therefore, Greenwich was not entitled to recover on its unjust enrichment claim against GSCP.

14. Whether the Bankruptcy Court erred in finding that GSCP was not unjustly enriched notwithstanding the undisputed facts that GSCP held a 91% ownership interest in Atlantic Express Transportation Group ("AETG") (which, in turn owned 100% of Atlantic Express Transportation Corp.("AETC:") and that GSCP's investment exceeded $100 million, when, by virtue of those facts, GSCP received a benefit as a result of Greenwich having issued a bond that made it possible for Atlantic Express to obtain the insurance essential for it to operate its business.

15. Whether the Bankruptcy Court erred in finding that Greenwich failed to show that GSCP had received a benefit and been enriched.

16. Whether the Bankruptcy Court erred in concluding that (a) GSCP had not made a promise to Greenwich that it would provide Atlantic Express with the funds necessary to pay Greenwich, (b) even if GSCP made such a promise and Greenwich relied upon it, the July 19th

Letter and the July 20th Letter superceded that promise and, therefore, Greenwich could not prevail on its detrimental reliance claim.

                                  **WOLFF & SAMSON PC**
                                  Attorneys for Plaintiff
                                  Greenwich Insurance Company

                    By:     /s/Karen L. Gilman
                            KAREN L. GILMAN (KG-5161)

Dated: March 30, 2008